No. 184

In Re, CONTEMPT OF MOFFAT

No. 19506. Supreme Court

On motion to certify. Dock. Dec. 22, 1925; 4 Abs. 24.

293. CONTEMPT—Is a stenographer reporting a case for the parties in the Municipal Court an officer of the court; and does her non-compliance with a verbal order of the court make her liable in contempt proceedings?

The case of the Tell-Stop Signal Co. v. The Tell-Stop Appliance Co. was being tried in the Cleveland Municipal Court before Judge Hull and certain exhibits were introduced in the trial of the case by the defendant. Miss Margaret Moffat was reporting the case for the plaintiff and the defendant. The plaintiff lost and intending to take the case on error to the Court of Appeals, attorney for plaintiff then employed Miss Moffat to make up the Bill of Exceptions.

She, as an employee, obtained the exhibits and left a receipt for same. She prepared the typewritten copy, attaching the exhibits at their proper place and sent the record to the binder and, after being bound, it was returned to her. It was insisted by the attorney that Miss Moffet withdraw from the Bill of Excep-

tions quite a number of pages, which she refused to do. Then, because she did not do as he requested, he wanted Miss Moffat to bring to him a quantity of the same kind of paper upon which the record was typewritten. This also Miss Moffat refused. The attorney owed Miss Moffat $32.00 for the work that she had done and she would not give the record over to him until such time as he paid her.

Thereupon the attorney went to Judge Hull and told him that Miss Moffat had the exhibits. At that time the motion for a new trial had been overruled and the only thing remaining for Judge Hull to do in that particular case was to sign, when properly prepared and properly made up, the Bill of Exceptions. Judge Hull then telephoned to Miss Moffat. Miss Moffat explained that the exhibits had been bound and made part of the record and Judge Hull then told her to bring the exhibits to court. The next day Miss Moffat happened to be in Judge Hull's court, reporting another case in no way connected with the case in which she had made up the Bill of Exceptions. Judge Hull then, in a conversation, told Miss Moffat to bring in the exhibits—the exhibits at that time not being in court, but being in Miss Moffat's office. Miss Moffat did not do as the court requested.

Contempt proceedings were then started, predicated upon an "indictment" or "information." She was found guilty and a jail sentence was imposed. The case was taken on error to the Court of Appeals, where, after several hearings, it was affirmed.

On motion to certify, it is claimed that the Municipal Court of Cleveland is a court of record (102 OS. 10) and can only speak through its record. There was nothing but a verbal order and nothing that was a matter of record. There was no claim that the proceedings were predicated upon 12136 GC. which covers "What contempts may be punished summarily"; and the fact that she was tried upon an "indictment" or "information" plainly indicates that no attempt was made to try the case under 12136 GC.

It is further contended that Miss Moffat, in law, was a "stranger" to the suit and she was not an officer of the court. She was only an employee, first of the plaintiff and the defendant and last of attorney for the plaintiff.

It is contended:

1. That where 12136 GC. is not involved a person can not be in contempt of court in refusing to go to places outside of the Court House and fetch and carry upon mere verbal direction of the court.

2. That the so-called "indictment" or "information" was legally wholly inadequate and incidentally the question arises as to the lien that a stenographer may have for the work done upon a record while the record is in such stenographer's possession.

Attorneys—Anderson, Lamb & Marsteller, for pltff; Carl F. Shuler and Alfred Clum for deft; all of Cleveland.